# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BISHOP EDWIN MALL, | Case No. 2:18-cv-430 |
| Plaintiff, | |
| v. | Judge Graham |
| LARRY J. MERLO, *et al.*, | Magistrate Judge Vascura |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on the Motion for Summary Judgment filed by Plaintiff, Bishop Edwin Mall. (ECF No. 29). For the reasons that follow, Plaintiff's motion is **DENIED**.

Under Federal Rule of Civil Procedure 56, summary judgment is proper if the evidentiary materials in the record show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Longaberger Co. v. Kolt*, 586 F.3d 459, 465 (6th Cir. 2009). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record, "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party must lay out the elements of each claim for which it bears the burden of proof, cite to the facts satisfying these elements, and demonstrate to the district court why the record "'is so one-sided that one party must prevail as a matter of law.'" *Revis v. Meldrum*, 489 F.3d 273, 279–80 (6th Cir. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52)).

Here, Mr. Mall has failed to not only present the elements of each of his claims, but he has also failed to identify the portions of the record, which he believes satisfies those elements and

1

demonstrates the absence of a genuine issue of material fact. Instead, he makes broad statements such as, "The nature of my case demands Summary Judgement [sic]." (ECF No. 29 at 212). Mr. Mall also points generally to the documents at issue in this case[1] as proof he is entitled to judgment as a matter of law. (ECF No. 33 at 223; ECF No. 35 at 229).

Though Mr. Mall proceeds pro se in this case, he is not excused from complying with the necessary requirements for summary judgment. The Sixth Circuit has spelled out on numerous occasions that "non-prisoner pro se litigants are treated no differently than litigants who choose representation by attorneys." *Bass v. Wendy's of Downtown, Inc.,* 526 Fed. App'x. 599, 601 (6th Cir. 2013) (citing *Brock v. Hendershott,* 840 F.2d 339, 343 (6th Cir. 1988)); *see also United States v. Ninety-Three Firearms,* 330 F.3d 414, 427 (6th Cir. 2003). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 422.

As Mr. Mall has failed to establish the existence of the absence of a genuine issue of material fact or that he is entitled to judgment as a matter of law, his motion for summary judgment (ECF No. 29) is **DENIED**.

On September 20, 2018, Mr. Mall also moved the Court for leave to file an amended complaint. (ECF No. 40). Federal Rule of Civil Procedure 15(a)(2) provides that courts, "should freely give leave when justice so requires." The Sixth Circuit has further articulated that Rule 15 reflects a "liberal amendment policy," *Brown v. Chapman,* 814 F.3d 436, 442–43 (6th Cir. 2016) (quoting *Morse v. McWhorter,* 290 F.3d 795, 800 (6th Cir. 2002)). Nevertheless, certain factors,

---

[1] The Court notes that due to the January 10, 2019 agreement between CVS Pharmacy, Inc. and United Food & Commercial Workers Union Local 1059, the Arbitration Agreement is now considered null and void and of no legal effect and is no longer at issue in this case. (ECF No. 43-1 at ¶ 4, 275).

such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment," may warrant the denial of a motion to amend. *Foman v. Davis,* 371 U.S. 178, 230 (1962). The grant or denial of a motion to amend is within the discretion of the district court. *Id.*

Here, Mr. Mall seeks leave to amend his complaint to add his former employer, "Ohio CVS Stores, L.L.C." as a Defendant. (ECF No. 42 at 271). As none of the *Foman* factors are indicated in Mr. Mall's request, this Court exercises its discretion to **GRANT** Mr. Mall's motion for leave to amend (ECF No. 40). Mr. Mall is **ORDERED** to file his amended complaint with the Court by **MARCH 1, 2019**.

    **IT IS SO ORDERED.**

/s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: February 13, 2019