# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

BISHOP EDWIN MALL,

        Plaintiff,

    v.                               **Civil Action 2:18-cv-430**
                                        **Judge James L. Graham**
                                        **Magistrate Judge Chelsey M. Vascura**

LARRY J. MERLO, *et al.*,

        Defendants.


## ORDER and REPORT AND RECOMMENDATION

      Plaintiff, Bishop Edwin Mall, who is proceeding without the assistance of counsel, brings

this action against several defendants, alleging that he was wrongfully terminated on the basis of

his race, ethnicity, faith, religion, and age, and in violation of the Labor Management and

Relations Act of 1947.  This matter is before the Court on Plaintiff's Motion for Leave to Serve

Additional Interrogatories, Demand for Jury Trial, and Prayer to Allow Join [*sic*] Additional

Parties (ECF No. 60).  For the following reasons, Plaintiff's Motion is **GRANTED IN PART**

and **DENIED IN PART**, and it is **RECOMMENDED** that Plaintiff's demand for a jury trial be

**GRANTED**.

### I.      LEAVE TO SERVE ADDITIONAL INTERROGATORIES

      Plaintiff's Motion seeks leave to serve in excess of 25 interrogatories (including subparts)

on Defendants Larry J. Merlo, Brett McCarty, Edward Thomas, Regina Wheat, and Ohio CVS

Stores, LLC (the "CVS Defendants").  The draft interrogatories attached to Plaintiffs' Motion

indicated that they are "for all CVS Defendants: All for each.  Every interrogatory with

[illegible] for each Defendant to respond." (ECF No. 60-1.) Although Plaintiff's interrogatories are labeled seriatim 1 through 12, when subparts are considered, the Court counts approximately 37 separate interrogatories. (*Id.*)

Federal Rule of Civil Procedure 33(a) provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). The CVS Defendants object that Plaintiff has made no showing of why discovery beyond that provided by Rule 33 should be permitted. The Undersigned agrees.

District courts have broad discretion to determine the proper scope of discovery. *See* Fed. R. Civ. P. 26(b)(2). The Court "must limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). To determine whether a party should be permitted to serve additional discovery requests, "the Court looks to whether the benefits of the expansion outweighs the burden of the extra discovery." *Pettus-Brown v. Phelps*, No. 2:18-CV-082, 2018 WL 5960821, at *5 (S.D. Ohio Nov. 14, 2018), *report and recommendation adopted*, No. 2:18-CV-82, 2019 WL 132346 (S.D. Ohio Jan. 8, 2019) (quoting *Martin v. Posey*, No. 2:15-CV-2294, 2017 WL 412876, at *4 (S.D. Ohio Jan. 31, 2017)). "A party requesting leave to serve additional discovery requests must make a 'particularized showing' to establish a need for those additional requests." *Id.* (quoting *St. Ann v. McLean*, No. 5:15-CV-11770, 2017 WL 5732991, at *2 (E.D. Mich. Nov. 28, 2017) (collecting cases)).

Here, Plaintiff has not offered any explanation as to why additional interrogatories are necessary. Although he conclusorily states that "the discovery sought is not unreasonably cumulative or duplicative" and "cannot be obtained from any other source," he does not provide any supporting facts. *See*, *e.g.*, *Snead v. Mohr*, No. 2:12-CV-00739, 2014 WL 8140893, at *1 (S.D. Ohio Mar. 11, 2014) (denying leave to serve excess interrogatories in the absence of sufficient information to determine whether further interrogatories are necessary). Plaintiff also suggests in his Reply that, contrary to the statement on the first page of his interrogatories, certain of the interrogatories are directed only to certain of the CVS defendants, and therefore it is not the case that any one defendant must answer more than 25 interrogatories. (Reply 2, ECF No. 70.) However, if this is this case, then Plaintiff would not have required leave to serve excess interrogatories in the first instance.

In the absence of information that would allow the Court to determine whether excess interrogatories are warranted (or even requested), Plaintiff's request for leave to serve additional interrogatories is **DENIED**.

## II.    LEAVE TO AMEND COMPLAINT TO ADD DEFENDANTS

Plaintiff seeks to amend his Complaint to add CVS Pharmacy Inc. and United Food and Commercial Workers Union, Local 1059 (the "Union") as defendants. The CVS Defendants oppose the addition of CVS Pharmacy Inc. as futile because Plaintiff was never employed by that entity. (CVS Defs. Resp. 4–5, ECF No. 69.) Likewise, Defendant Cara McKnight opposes the addition of the Union as futile because Plaintiff's claims are barred by the statute of limitations borrowed from the National Labor Relations Act, 29 U.S.C. § 160(b).[1] (McKnight Resp. 4–5, ECF No. 62.)

---

[1] Defendant McKnight also opposes addition of the Union because Plaintiff could have added the Union as a defendant when he previously amended his Complaint to add Ohio CVS Stores, LLC

Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

As set forth above, Defendants' opposition to adding CVS Pharmacy Inc. and the Union as additional defendants are based on the futility of Plaintiff's claims against these entities. Because "denying a motion for leave to amend on grounds that the proposed [complaint] is legally insufficient is, at least indirectly, a ruling on the merits" of the claims presented in the complaint, this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion.

---

as a defendant. (Resp. 4, ECF No. 62.) However, Plaintiff's motion for leave to amend is not untimely. The parties agreed in their joint Rule 26(f) report that "any motion or stipulation addressing the parties or pleadings or to join additional parties shall be filed by June 7, 2019." (ECF Nos. 58–59). Plaintiff's instant Motion was filed on May 6, 2019—a month prior to that agreed deadline.

*Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (recognizing the "conceptual difficulty presented"); 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course would be to permit Plaintiff to amend his Complaint with the understanding that CVS Pharmacy Inc. and the Union are free to challenge the claims through a motion to dismiss. *See Durthaler*, 2011 WL 5008552 at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 715 F.Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed."). Accordingly, Plaintiff's request to amend his Complaint to add CVS Pharmacy Inc. and United Food and Commercial Workers Union, Local 1059 as defendants is **GRANTED**.

## III.    DEMAND FOR JURY TRIAL

Plaintiff's Motion "admits that a mistake has been done by the Plaintiff" in failing to demand a jury trial sooner; however, he asks that the Court consider his *pro se* status and allow his jury demand at this time. Defendants argue that Plaintiff has waived his right to demand a jury trial pursuant to Federal Rule of Civil Procedure 38. This rule requires a jury demand to be made within 14 days after the last pleading directed to any issues triable by a jury; otherwise the jury demand is waived. Fed. R. Civ. P. 38(b), (d). Because the last relevant pleadings were filed on March 5, 2019 (Defendants' Answers, ECF Nos. 51–52), Plaintiff's last day to demand a jury under the Rule was March 19. Yet Plaintiff first raised his jury demand in the parties' joint Rule

26(f) report filed April 26, 2019 (ECF Nos. 58–59), and did not formally move for leave to demand a jury trial until his motion dated May 6, 2019 (ECF No. 60).

While Plaintiff's jury demand is untimely, Federal Rule of Civil Procedure 39 provides that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). A district court has broad discretion in deciding whether to grant a Rule 39(b) motion. *Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 632 (6th Cir. 2008). "Generally, a district court will not abuse its discretion in denying a Rule 39(b) motion if the only justification offered for failure to demand a jury trial is mere inadvertence." *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986). "However, special consideration may be warranted in cases where 'the party who failed to file a timely jury demand has been hailed into federal court against his will, or is proceeding pro se.'" *Andrews*, 544 F.3d at 632 (quoting *Misco*, 784 F.2d at 205 n. 8 (internal citations omitted)).

Here, Plaintiff is *pro se* and first raised his demand for jury trial only 38 days after his deadline to do so under Rule 38. Moreover, the litigation is still in the relatively early stages and none of the Defendants have identified any prejudice they would suffer if the jury demand were allowed. It is therefore **RECOMMENDED** that Plaintiff's demand for jury trial be **GRANTED**.

## IV.    DISPOSITION

For the foregoing reasons, Plaintiff's Motion (ECF No. 60) is **GRANTED IN PART and DENIED IN PART**. Plaintiff's request for leave to serve additional interrogatories is **DENIED**; and Plaintiff's request to amend his Complaint to add CVS Pharmacy Inc. and United Food and Commercial Workers Union, Local 1059 as defendants is **GRANTED**. Plaintiff is **ORDERED** to file his Second Amended Complaint, adding CVS Pharmacy Inc. and United Food and Commercial Workers Union, Local 1059 as defendants, **WITHIN 21 DAYS** of this

Order. Plaintiff is cautioned that no new allegations against any existing Defendants will be permitted in his Second Amended Complaint.

It is further **RECOMMENDED** that Plaintiff's demand for jury trial be **GRANTED**.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE